CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 24, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JAZZLIN SEIBER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:25-cv-00043** |
| | ) | |
| **OFFICER A. SMITH,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

### MEMORANDUM OPINION

Plaintiff Jazzlin Seiber, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Officer A. Smith disclosed Seiber's medical history to others at the jail where she is incarcerated. Following the required review of the Complaint pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failing to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Although Seiber is unclear about the source of her claim, she could have meant to bring it under two independent sources: (i) the Health Insurance Portability and Accountability Act of 1996 (HIPAA) or (ii) pursuant to § 1983. But under either source, Seiber's claim is non-

cognizable. First, although HIPAA "prohibits the wrongful disclosure of . . . individually identifiable health information[,] . . . the statute does not . . . provide a private right of action for any citizen." *Burkey v. Balt. Cnty.*, No. GJH-20-2006, 2021 WL 3857814, at *11 (D. Md. Aug. 30, 2021) Second, "neither the U.S. Supreme Court nor the Fourth Circuit has even recognized a constitutional right in the privacy of prisoners' medical records." *Mallory v. Dorchester Cnty. Det. Ctr.*, No. 2:23-cv-01688, 2024 WL 2159789, at *8 (D.S.C. Apr. 24, 2024) (quoting *Van Higgins v. Miller*, No. 1:12-cv-00297, 2012 WL 4511524, at *2 (W.D.N.C. Oct. 1, 2012)), *report and recommendation adopted*, 2024 WL 2155211 (D.S.C. May 14, 2024); *see also Gamble v. Simmons*, No. 5:20-cv-03618, 2020 WL 7706621, at *2 (D.S.C. Dec. 29, 2020) ("[T]here is no fundamental right of privacy in personal medical information.").[1] In the apparent absence of any avenue to bring it, Seiber's claim fails as a matter of law.

For these reasons, I will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Enter:  April 24, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

[1] Some courts have recognized that the "disclosure of sensitive medical information may nevertheless give rise to an Eighth Amendment claim, if, for example, it was done solely for the purpose of humiliating the inmate." *Shields v. Dane Cnty. Jail Mental Health Dep't*, No. 17-cv-266, 2018 WL 5307807, at *2 (W.D. Wisc. Oct. 26, 2018) (citing *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995)). But even if Seiber could assert such a claim, she has failed to plead any facts to support it.